**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **BESTLAMINATE, INC.,** | **Case No. 1:22-cv-1672** |
| **Plaintiff,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **SOFTWAREHUT, LLC,** | **ORDER TO SHOW CAUSE** |
| **Defendant.** | |

On September 19, 2022, Plaintiff Bestlaminate, Inc. filed its Complaint against Defendant SoftwareHut, LLC.  (Doc. No. 1.) Therein, Plaintiff asserts that this Court has subject matter jurisdiction over its Complaint pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.  (*Id*. at ¶ 4.)

As the Sixth Circuit has explained, "federal courts must catch jurisdictional defects at all stages of a case." *In re DePuy Orthopaedics*, 953 F.3d 890, 892 (6th Cir. 2020).  Upon review of Plaintiff's Complaint, it is not clear that it has properly asserted that diversity jurisdiction exists under 28 U.S.C. § 1332.  Specifically, the Court is concerned that Plaintiff has not adequately pleaded the citizenship of all members and sub-members of Defendant SoftwareHut, a limited liability corporation.  In its Complaint, Plaintiff alleges that "[u]pon information and belief, SoftwareHut is and at all relevant times has been a Delaware limited liability corporation with its principal place of business in New York." (Doc. No. 1 at ¶ 3.)  However, an LLC "has the citizenship of its members and sub-members." *Akno 1010 Market Street St. Louis Missouri, LLC v. Pourtaghi*, 43 F.4th 624,

626 (6th Cir. 2022) (citations omitted). "Unlike a corporation, an LLC's state of organization does not establish its citizenship." *Id.* Plaintiff's Complaint is silent as to the membership of Defendant SoftwareHut's members and sub-members.

Because a limited liability company has the citizenship of each of its members, *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), Plaintiff must identify the citizenship of all of Defendant's members at the time the Complaint was filed in this action. *See, e.g., Tourcats, Inc. v. Transport Custom Designs, LLC*, Case No. 1:22CV1589 (N.D. Ohio) (Doc. No. 4.) Otherwise, this Court cannot determine that diversity jurisdiction exists under 28 U.S.C. § 1332. Accordingly, within fourteen (14) days of this Order, Plaintiff is ordered to show cause as to why the instant case should not be dismissed *sua sponte* for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*

PAMELA A. BARKER

Date: September 20, 2022        U. S. DISTRICT JUDGE